UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAGE, Michael, CDCR #D-79552,<br><br>            Plaintiff,<br><br>vs.<br><br>W.L. MONTGOMERY,<br><br>            Defendant. | Case No.:  3:22-cv-1664-RBM-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

Michael Page ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1). Plaintiff claims CAL Warden W.L. Montgomery ("Defendant") violated his right to due process by classifying him as a violent offender and denying him "non-violent early parole consideration." (*Id.* at 3.) In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

   In support of his IFP Motion, a copy of Plaintiff's prison trust account statement has been filed. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff had an available balance of $0.00 at the time of filing. *See* ECF No. 3. Thus, the Court assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

   Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have no means to pay it and directs the Secretary of the CDCR or their designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A. <u>Standard of Review</u>

   Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

Plaintiff alleges Defendant "violated Plaintiff's due process rights by classifying Plaintiff as a violent offender." (Compl. at 3.) As a result of this classification, Defendant allegedly denied Plaintiff "access to non-violent early parole consideration under Proposition 57." (*Id.*)

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a

right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. <u>Violent Felonies</u>

As an initial matter Plaintiff appears to claim he was convicted of non-violent felonies and thus, should have been given early parole consideration under Proposition 57[2]. While the allegations in Plaintiff's Complaint are sparse, he has attached as exhibits his administrative grievance history which provides a larger factual background to his claims. Specifically, Plaintiff filed a grievance claiming that he was convicted of second-degree robbery in 1997 which, at that time, was not considered a violent felony. *See* Pl.'s Ex., ECF No. 4 at 16, Inmate/Parolee Appeal, CDCR 602 Log No. CAL-C-20-00395, dated March 10, 2020. According to the response to his grievance, second degree robbery became a violent offense in 2000. *Id.*, ECF No. 4 at 15, First Level Appeal Response dated Apr. 15, 2020. Plaintiff's conviction had an "enhancement of [penal code] 122022.5(a) use of a firearm which is a violent [offense] pursuant to [penal code] 667.5(c)." *Id.* It was determined that the "violent enhancement makes the offense and the offender violent, which makes [Plaintiff] ineligible for [Non-Violent Parole Process] early parole consideration." *Id.*, ECF No. 4 at 12-13, Second Level Appeal Response dated May 15, 2020.

Under Proposition 57, violent felonies are defined in California Penal Code Section 667.5(c). *See* Cal. Code Regs. tit. 15, § 3490. As the exhibits submitted by Plaintiff demonstrate, he was convicted under California Penal Code § 211 which is robbery in the second degree, with an enhancement of use of a firearm under California Penal Code §

---

[2] "In 2016, California voters approved Proposition 57 which […] requires that '[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.'" *Russell v. Kernan*, No. 218CV1062TLNACP, 2019 WL 2267136, at *3 (E.D. Cal. May 28, 2019) (quoting Cal. Const. Art. I, § 32(a)(1)).

12022.5(a). Even assuming that his robbery conviction should be considered a nonviolent felony, pursuant to § 667.5(c)(8), a violent felony is classified as "any felony in which the defendant uses a firearm which use has been charged or proved in . . . Section 12022.5." Cal. Penal Code § 667.5(c)(8). Thus, Plaintiff's own factual allegations show that he is not eligible for early parole consideration under Proposition 57 because the enhancement of use of a firearm is considered a violent felony.

E. <u>Early release</u>

To the extent that Plaintiff may be seeking early release, he cannot bring this claim pursuant to § 1983. Such a claim would challenge "the validity of [his] continued incarceration [and therefore] lie within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 98-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

For all these reasons, the Court finds that Plaintiff has failed to state a § 1983 claim upon which relief may be granted.

**III. Conclusion and Order**

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

      4.      **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

      5.      **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk of Court is directed to mail a court approved civil rights complaint form to Plaintiff for his use in amending.

**IT IS SO ORDERED**.

Dated:  November 16, 2022

                                                          Hon. Ruth Bermudez Montenegro
                                                          United States District Judge